UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00109-JVS-JDE | Date | October 20, 2022 |
| Title | Kia America, Inc. v. Rally Auto Group, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Enforce Preliminary Injunction [58]**

Plaintiff/Counter-Defendant Kia America, Inc. ("Kia") moves to enforce the Court's May 18, 2022 order. Mot. Dkt. No. 58. Defendants/Counterclaimants Rally Auto Group, Inc. ("Rally") and Dalia Auto Group, Inc., Dalia K Properties and Holdings LLC, and Alam Zhan (collectively, "Dalia Defendants") oppose. Opp'n, Dkt. No. 59. Kia replied. Reply, DKt. No. 60.

For the following reasons, the Court **DENIES** the motion.

## I. Background

Kia is the exclusive U.S. distributor of Kia-branded motor vehicles, parts, and accessories ("Kia Products") manufactured by Kia Motors Corporation. Kia also provides various services, including sales, marketing, distribution, warranty repair, maintenance, and inspections, and extended warranties for certified pre-owned Kia vehicles ("Kia Services") through its authorized Kia dealers. Decl. of Greg Grulikowski ("Grulikowski Decl."), Dkt. No. 48-2 ¶ 2.

### *A. Dealership Agreement Between Kia and Rally*

Kia offers Kia Products and Services through authorized dealers within the United States, but only persons and entities appointed by Kia who agree to the Kia Dealer Sales and Services Agreement ("Kia Dealer Agreement") are permitted to operate Kia dealership locations or use Kia Marks. This Agreement also prohibits dealers from

changing its ownership or managership, selling its Kia dealership, or transferring any of its rights to a third party without Kia's express prior written approval.

Kia contends that Rally, who is an authorized Kia dealer, did exactly just that. Pursuant to a Kia DealerAgreement between Rally and Kia, Rally is prohibited from changing the ownership or management of the Dealership without prior written approval from Kia and prohibited from transferring a non-exclusive license of the use of Kia Marks.

*B. Rally Enters Into Agreements with Dalia Defendants*

But on July 22, 2021, Rally entered into an agreement with Dalia Defendants (the "Consulting Agreement") in which Dalia Defendants would "provide all operating capital necessary for the operation for the Dealership" and "consult with [Rally] about the operations of [Rally]'s Dealership" about how the business of the dealership "will be operated and conducted." Grulikowski Decl., Ex. 7, at 133.

*C. Procedural History*

On January 1, 2022, Kia filed its complaint, asserting various causes of action under the Lanham Act and the California Business and Professional Code, as well as state law breach of action and common law unfair competition. Compl., Dkt. 1. On March 31, 2022, Rally and Dalia answered and asserted various counterclaims of breach of contract, breach of implied covenant of good faith and fair dealing, false promise, intentional interference with contractual relations, and violations of California Business and Professional Code and Vehicle Code. Answer, Dkt. No. 41.

On April 14, 2022, Kia moved for a preliminary injunction. Mot. Dkt. No. 48. On May 18, 2022, the Court granted the preliminary injunction in part. Order, Dkt. No. 57.

Kia now moves to enforce the Court's order dated May 18, 2022. Mot., Dkt. No. 58. Rally and Dalia opposed. Opp'n, Dkt. No. 59. Kia replied. Reply, Dkt. 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00109-JVS-JDE | Date | October 20, 2022 |
| Title | Kia America, Inc. v. Rally Auto Group, Inc. et al. | | |

## II. Legal Standard

A party may seek to enforce an injunction by showing that the injunction explicitly forbids the challenged conduct. Clark v. Coye, 60 F.3d 600, 644 (9th Cir. 1995). The moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a "specific and definite order of the court." FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. Clark, 60 F.3d at 644.

## III. Discussion

Kia requests that the Court enforce its May 18, 2022 Order to (1) compel Rally and Dalia to terminate or unwind the Consulting Agreement, (2) withdraw any capital contributions Dalia have made to Rally pursuant to the Consulting Agreement, and (3) restrain Dalia from taking any financial interests in the Rally Dealership and directing operations and management of the Dealership. Mot. at 1–2.

In its Order, the Court granted a preliminary injunction with regard to Kia's trademark infringement and dilution claims, but denied it as to Kia's breach-of-contract claim. Order at 11, 13, 14. In its breach-of-contract claim, Kia had argued that Rally breached its Kia Dealership Agreement, which prohibits Rally from changing ownership or management, including Kia marks, to any third party (such as Dalia) without Kia's written approval. The Court found that granting relief as to the breach-of-contract claim was unnecessary in light of the relief granted as to the trademark infringement and dilution claims because the Court already ordered that Rally "continue to abide by the Dealership Agreement with respect to the trademarks and not allow their unauthorized use." Id. at 13 (citing P & H Indus., LLC v. P & H Casters Co., Inc., 5:20-cv-00016, 2020 WL 4258789, at *4 (C.D. Cal. May 5, 2020)).

In essence, Kia argues that the Court's Order "leaves no doubt" that the Consulting Agreement "is at root of Rally and Dalia's proscribed activities" and thus, the Court should order that they terminate the Consulting Agreement, among other things. Mot. at 7. No one disagrees that the Consulting Agreement "lays the foundation" for the trademark infringement and dilution claims. See Opp'n at 11. The Court reasoned in its

order that Dalia Defendants "used" (and thus, infringe and dilute) the marks by virtue of operating the Dealership. See Order at 9 (finding that the Dalia Defendants' use of Kia Marks is likely unauthorized because the agreements between Rally and Dalia likely constitute a de facto transfer of ownership or management); id. at 12 (finding that Dalia Defendants' use of the Kia Marks likely dilutes Kia's trademark because consumers probably will associate Kia with the poorer quality service Dalia Defendants provided). By granting the preliminary injunction as to the trademark claims, the Court ordered that (1) Dalia Defendants are enjoined from using the Kia marks in any way (which includes exercising operational and managerial control over the Dealership); and (2) Rally continue to abide by the Dealership Agreement and thus refrain from contributing to Dalia Defendants' infringement and dilution of the Kia marks. See Order at 7, 9, 11, 13. Any other conclusion would not find support in the Court's Order.

Kia offers no reason for the Court to revisit that ruling. The Court finds that Kia is still sufficiently protected by the Court's order. It appears that Kia now seeks more than an injunction prohibiting Rally and Dalia from using Kia's marks. See Mot. at 10 (asking that Dalia Defendants withdraw capital contributions they have made to the Dealership and refrain Dalia Defendants from taking any financial interest in the Dealership). Dalia Defendants and Rally contend that terminating the entire Consulting Agreement or requiring Dalia Defendants to withdraw their cash contribution is wholly unnecessary, given that the Court has already enjoined Dalia Defendants from exercising any control over the Dealership's management and operations, which forms the basis for Kia's trademark infringement and dilution claims. See id. at 10–11. In its Reply, Kia essentially argues that (1) leaving the Consulting Agreement in place would permit Dalia Defendants and Rally to continue the acts of infringement and dilution and (2) the Court's order condemned not only managerial and operational control, but also ownership and financial control of the Dealership. Reply at 1, 2, 5. The Court finds Kia's arguments unpersuasive.

Dalia Defendants are clearly enjoined from using the Kia marks in any way, and Rally is prohibited from contributing to that use. To that extent, this does not include requiring Dalia Defendants to terminate the Consulting Agreement in its entirety, withdraw capital contributions, or restrain Dalia Defendants from taking financial interest in the Dealership.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00109-JVS-JDE | Date | October 20, 2022 |
| Title | Kia America, Inc. v. Rally Auto Group, Inc. et al. | | |

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**